# STATE OF WEST VIRGINIA

## SUPREME COURT OF APPEALS

**STEVEN LANCASTER,**
**Claimant Below, Petitioner**

**FILED**
**July 19, 2013**
**RORY L. PERRY II, CLERK**
**SUPREME COURT OF APPEALS**
**OF WEST VIRGINIA**

**vs.)    No. 11-1477** (BOR Appeal No. 2045650)
                    (Claim No. 2010124031)

**AKER CONSTRUCTION INC.,**
**Employer Below, Respondent**

## MEMORANDUM DECISION

Petitioner Steven Lancaster, by Robert L. Stultz, his attorney, appeals the decision of the West Virginia Workers' Compensation Board of Review. Aker Construction, Inc., by George E. Roeder III, its attorney, filed a timely response.

This appeal arises from the Board of Review's Final Order dated September 26, 2011, in which the Board affirmed a February 25, 2011, Order of the Workers' Compensation Office of Judges. In its Order, the Office of Judges affirmed the claims administrator's February 15, 2010, order. The Court has carefully reviewed the records, written arguments, and appendices contained in the briefs, and the case is mature for consideration.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision is appropriate under Rule 21 of the Rules of Appellate Procedure.

Mr. Lancaster had been working as a union boilermaker for Akers Construction, Inc. for approximately 20 months when he filed a claim for occupational hearing loss. In deposition, Mr. Lancaster stated that while working for Akers Construction, Inc. he was exposed to noise from grinders, air tools, compressors, large cranes, and tractor and trailers. Akers Construction Inc., submitted an industrial hygiene noise exposure survey performed by Deborah Otto, a certified industrial hygienist. Ms. Otto determined that the noise levels to which Mr. Lancaster may have been exposed to while working at Akers Construction, Inc. were not likely to cause him hearing loss. On February 15, 2010, the claims administrator denied the compensability of Mr. Lancaster's claim upon finding that his hearing loss was not related to his employment with Aker Construction. Mr. Lancaster appealed.

1

On June 21, 1995, Mr. Lancaster underwent audiometric testing by Jay High and the results were reviewed by Dr. Thomas Neilson, who reported that Mr. Lancaster had a severe high frequency hearing loss in the left ear and a moderate severe high frequency loss in the right ear. On August 5, 2003, Mr. Lancaster was diagnosed with bilateral sensoineural hearing loss by Dr. W. Jeffery Earley. On January 13, 2010, Dr. James Bryant diagnosed Mr. Lancaster with bilateral high frequency sensorineural hearing loss.

The Office of Judges found that a preponderance of the evidence indicated Mr. Lancaster did not sustain a noise-induced hearing loss while employed with Akers Construction Inc. The Office of Judges noted that there is no evidence of record to indicate that the report of Ms. Otto is not credible or not reliable; or any evidence of record to refute the findings and conclusions of Ms. Otto. The Board of Review reached the same reasoned decision. We agree with the Board of Review's reasoned decision.

For the foregoing reasons, we find that the decision of the Board of Review is not in clear violation of any constitutional or statutory provision, nor is it clearly the result of erroneous conclusions of law, nor is it based upon a material misstatement or mischaracterization of the evidentiary record. Therefore, the decision of the Board of Review is affirmed.

Affirmed.

**ISSUED: July 19, 2013**

**CONCURRED IN BY:**
Justice Robin J. Davis
Justice Margaret L. Workman
Justice Menis E. Ketchum
Justice Allen H. Loughry II

**DISSENTING:**
Chief Justice Brent D. Benjamin